PASALACQUA HERMANOS & CO. *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 2.—Decided March 25, 1904.

SALE OR AWARD OF MORTGAGED PROPERTY—PRIOR RECORD.—A mortgaged estate having been sold or awarded by virtue of proceedings instituted by the mortgage creditor against the heirs of the debtor or third possessor, the prior record of said estate in favor of the latter is not necessary in order that the deed of sale or the certifed copy of the award may be recorded.

ID.—DECREE OF AWARD—DOMINION TITLE.—A mortgaged estate having been awarded, and the clerk of the district court having issued a certified copy containing the decree of award of the property, together with the other data necessary for purposes of record, the certified copy in itself constitutes a title of ownership perfectly recordable, and the record applied for cannot be refused by reason of the absence of the decree of award referred to in article 174 of the Mortgage Regulations, since such omission does not impair the value of the decree.

STATEMENT OF THE CASE.

A hearing was had of the present administrative appeal, taken by Attorney Antonio Sarmiento, on behalf of Messrs. Pasalacqua Hermanos & Co., doing business in Coamo, from the decision of the registrar of property of Caguas, refusing admission to record of a certificate of the decree of award of sundry rural estates, issued in an action prosecuted by said Pasalacqua Hermanos in the District Court of San Juan against the estate of José S. Mandés y Cintrón.

Foreclosure proceedings having been instituted in the District Court of San Juan by the firm of Pasalacqua Hermanos & Co., doing business in Coamo, against the estate of José S. Mandés y Cintrón, consisting of his widow, María Ortiz Muñoz, domiciled in Cayey, and her acknowledged natural children, José Juan and José Alejandro Mandés, for the recovery of a mortgage debt amounting to fourteen

valor de $14,000 pesos, moneda americana, se sacaron á pú-
blica subasta los bienes hipotecados, y como no se presen-
tasen licitadores, se adjudicaron á los ejecutantes Pasalacqua
Hermanos y Ca., por las dos terceras partes del precio que
sirvió de tipo para la segunda subasta, disponiéndose se le
expidiera testimonio del auto de adjudicación, con los demás
antecedentes necesarios, para su inscripción en el Registro
de la Propiedad, como así lo verificó el Secretario del Tri-
bunal; y que presentado dicho testimonio al Registro para la
inscripción de los bienes adjudicados á los ejecutantes Pasa-
lacqua Hermanos y Ca., la denegó en parte, el Registrador,
por los motivos que expresa la nota puesta al pié del docu-
mento presentado, la que copiada á la letra dice así:

"No admitida la inscripción del precedente documento, y tomada·
en su lugar anotación preventiva, que surtirá su efecto durante ciento
veinte días, en cuanto á las fincas descritas bajo los números uno, dos,
tres, seis, siete y ocho, con presencia de un escrito, á los folios 242 y
60 vueltos, 75, 103, 171, 176 y 70, de los tomos 3o. de Comerío, 2o. de
Aguas Buenas, 5o. y 11 de Comerío, 5 de Aguas Buenas, y 6o. de
Comerío, fincas números 156, 64, 224, 194 duplicado, 229, 230 y 269,
anotaciones letras A y B, respectivamente, por el defecto de haberse
seguido el procedimiento ejecutivo contra la Sucesión de D. José S.
Mandés y Cintrón, en cobro de la hipoteca que se expresa en dicho
documento, sin·hallarse dichas fincas inscritas á nombre de la re-
ferida Sucesión, y en cuanto á las fincas descritas con los números
cuatro y cinco, al folio 47 del Tomo 12 de Comerío, finca número
559, anotación letra A, por los defectos siguientes: de no hallarse ins-
crita dicha finca á nombre de Don José S. Mandés y Cintrón, ni d·
ninguna otra persona; de no haberse inscrito la hipoteca por la cual
se adjudicó dicha finca á la Mercantil Pasalacqua Hermanos y Ca.
en lo que respecta á la repetida finca y de haberse seguido el proce-
dimiento ejecutivo en cobro de la expresada hipoteca contra la Suce-
sión de Don José S. Mandés y Cintrón, sin estar inscrita la finca men-
cionada á nombre de la Sucesión aludida, y al folio 197 del tomo 5o.
de Aguas Buenas, finca número 237 anotación letra A, por los de-

thousand dollars, United States currency, the mortgage property was offered at public sale, and no bidders having presented themselves, the same was awarded to the execution creditors, Pasalacqua Hermanos & Co., for two-thirds of the valuation fixed for the second public sale.

A certified copy of the decree of award was ordered to be issued to them, together with the other necessary data for the record thereof in the Registry of Property, which was done by the clerk of the court. The said certified copy having been presented at the Registry for the purpose of recording the property awarded to the execution creditors, Pasalacqua Hermanos & Co., the registrar refused in part to record the same for the reasons set forth in the memorandum placed at the bottom of the document presented, and which reads as follows:

"Admission to record of the foregoing document has been refused, and in place thereof a cautionary notice made to have effect during one hundred and twenty days, as to the estates described under Nos. 1, 2, 3, 6, 7 and 8, in view of a petition, at folios 242 and 60, reverse side, 75, 103, 171, 176 and 70, volume 3 of Comerío, 2 of Aguas Buenas, 5 and 11 of Comerío, 5 of Aguas Buenas, and 6 of Comerío, estates Nos. 156, 64, 224, 194, duplicate, 229, 230 and 269, notice letters A and B, respectively, on account of a defect consisting in the fact that the execution proceeding was prosecuted against the estate of José S. Mandés y Cintrón for the recovery of a mortgage debt mentioned in said document, whereas said properties are not recorded in the name of aforesaid estate; and as to the properties described under Nos. 4 and 5, at folio 47, volume 12 of Comerío, estate No 559, notice letter A, on account of the following defects: Said estate does not appear recorded in the name of José S. Mandés y Cintrón, nor of any other person; the mortgage for which the award was made to the firm of Pasalacqua Hermanos & Co. was not recorded, as regards the estate in question; and the execution proceeding for the recovery of aforesaid mortgage debt was prosecuted against the estate of José S. Mandés y Cintrón, whereas said property is not recorded in the name of aforesaid estate; and at folio 197, volume 5, of Aguas Buenas, estate No. 237, notice letter A,

fectos que siguen: que no obstante indicarse en el precedente documento ser dicha finca la adjudicada, por la cabida y colindancias que en el mismo se expresan, no es posible identificarla con la del número 237, indicada, ni con ninguna otra del Registro; ni se ha inscrito, en cuanto á dicha finca, la hipoteca objeto de la referida ejecución y de haberse seguido el procedimiento ejecutivo de dicha hipoteca contra la Sucesión de Don José S. Mandés, no estando inscrita la repetida finca á nombre de la citada Sucesión, adoleciendo, además, el documento que precede, de no haberse insertado en el mismo el acta de adjudicación á que se refiere el Artículo 164 del Reglamento para la ejecución de la Ley Hipotecaria vigente. Caguas 15 de Enero de 1904. El Registrador, S. Abella Bastón''.

*Resultando*: que contra esta nota ha interpuesto el abogado Don Antonio Sarmiento, á nombre de Pasalacqua Hermanos y Ca., el presente recurso gubernativo para que se revoque la negativa del Registrador y se le ordene que practique desde luego la inscripción de las fincas adjudicadas.

Abogado de los recurrentes: *Sr. Sarmiento.*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando*: que si bien era doctrina y jurisprudencia constante de la Dirección General de los Registros de la Propiedad, sin más excepción que en los casos de la herencia yacente, que debían inscribirse á nombre de los herederos del deudor los bienes vendidos ó adjudicados mediante procedimiento judicial para pago de deudas, antes de hacerse la inscripción á favor del comprador ó del adjudicatario, esta doctrina quedó modificada por la Real Orden de 22 de Julio de 1896 dictada á instancia del Gobernador del Banco hipotecario de Madrid, y comunicada directamente á la Dirección General de los Registros de la Propiedad, por la que se dispuso que en los casos de venta ó adjudicación de inmuebles hipotecados, á virtud de procedimiento ejecutivo, seguido á instancia del acreedor hipotecario contra los herederos del deudor, ó del tercer poseedor, no es precisa la previa inscripción á favor de los mismos, para que pueda inscribirse la

on account of the following defects: Although in the foregoing document it is stated that said property was the one awarded, by measurement and boundaries given therein, it is not possible to identify it as being aforesaid No. 237, nor any other on the Registry; nor has the mortgage been recorded, with respect to said property, which gave rise to the execution; the execution proceedings were instituted against the estate of José S. Mandés, in whose name said property is not recorded, and the decree of award, mentioned in article 174 of the Regulations for the execution of the Mortgage Law in force, was not included in said document. Caguas, January 15, 1904. S. Abella Bastón, Registrar."

From the foregoing decision Attorney Antonio Sarmiento, on behalf of Pasalacqua Hermanos & Co., took the present administrative appeal, praying that the registrar's decision be reversed and said registrar ordered to admit to record the awarded estates.

*Mr. Sarmiento,* for appellant.

MR. CHIEF JUSTICE QUIÑONES, after making the above statement of facts, delivered the opinion of the court.

Although formerly established as doctrine and jurisprudence by the General Board of Directors of Registries of Property, save only in cases of inheritances not yet occupied, that property sold or awarded by judicial process in payment of debts should be recorded in the name of the heirs of the debtor, before entering the same in favor of the vendee or grantee, this doctrine was modified by Royal Order of July 22, 1896, issued at the request of the Mortgage Bank of Madrid, and communicated directly to the General Board of Directors of Registries of Property, which latter ordered that in cases of sale or award of mortgaged realty, through execution proceedings instituted at the instance of the mortgage creditor against the heirs of the debtor, or third possessor, it is not necessary that the record in favor of the latter should have first been made in order to enter the deed of sale or the certified copy of the award. This doctrine, based

escritura de venta ó el testimonio de adjudicación; y cuya doctrina, que está inspirada en la recta inteligencia de los Artículos 105 y 133, en harmonía con el 20 de la Ley Hipotecaria de España, que se reproducen sustancialmente en la vigente en esta Isla, es de aplicación general y por consiguiente debe tenerla en el presente caso, en que concurren todas las circunstancias que dicha orden determina.

*Considerando*: en cuanto al otro motivo en que se funda la negativa del Registrador, ó sea la falta del acta de adjudicación á que se refiere el Artículo 174 del Reglamento para la ejecución de la Ley Hipotecaria, que obrando inserto en el testimonio librado por el secretario del Tribunal de Distrito de San Juan, el auto de adjudicación de los bienes, con los demás antecedentes necesarios para verificar la inscripción, y siendo por sí sólo un título de dominio perfectamente inscribible, no procede denegar la inscripción solicitada por la falta de una ritualidad que no desvirtúa en lo más mínimo el mérito del auto de adjudicación inserto en el testimonio presentado.

*Vistas* las disposiciones legales citadas.

*Se revoca* la nota denegatoria puesta por el Registrador de la Propiedad de Caguas al pié del testimonio de que se trata, y se declara que, con excepción de las dos fincas descritas con los números cuatro y cinco, al folio cuarenta y siete del tomo 12 de Comerío, finca número 559 y al folio 197 del tomo 5º. de Aguas Buenas, finca número 237, á los que no se refiere el presente recurso, los demás deben inscribirse directamente á favor de los Señores Pasalacqua Hermanos y Ca. sin necesidad de la inscripción prévia á favor de los herederos de Don José S. Mandés y Cintrón; y con cópia certificada de la presente resolución, remitánse los documentos presentados al Registrador de la Propiedad de Caguas para su conocimiento y demás efectos.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.

on a correct interpretation of articles 105 and 133, in accord with article 20 of the Mortgage Law of Spain, and substantially reproduced in the one in force in this Island, is of general application and should, therefore, be applied in the present case, in which all the circumstances specified in said order are to be found.

As to the other ground for the refusal of the registrar, namely, the absence of the decree of award mentioned in article 174 of the Regulations for the execution of the Mortgage Law, inasmuch as the decree awarding the property, together with the other data necessary for purposes of the record, is contained in the certified copy issued by the clerk of the District Court of San Juan, the same constituting by itself a title of ownership perfectly recordable, the record applied for cannot be refused because of the absence of a mere formality which does not in the least impair the value of the decree of award inserted in the certified copy presented.

In view of the legal provisions cited, the decision entered by the registrar of property of Caguas at the bottom of the certified copy in question is reversed, and it is hereby declared that, with the exception of the two estates described under Nos. 4 and 5, at folio 47, volume 12 of Comerío, estate No. 559, and at folio 197, volume 5 of Aguas Buenas, estate No. 237, not referred to in the present appeal, the others must be recorded directly in favor of Pasalacqua Hermanos & Co., without there being any need of a prior record in favor of the heirs of José S. Mandés y Cintrón. A certified copy of the present decision, together with the documents presented, is ordered to be forwarded to the registrar of property of Caguas for his information and guidance.

Justices Hernández, Figueras, Sulzbacher and MacLeary concurred.